FILED
April 23, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002579620

5

WILLIAM G. MALCOLM, #129271
MALCOLM ♦ CISNEROS, A Law Corporation
2112 Business Center Drive, Second Floor
Irvine, California 92612
Phone: (949) 252-9400
Facsimile: (949) 252-1032

Attorneys for Movant

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF CALIFORNIA, SACRAMENTO DIVISION

| | |
|---|---|
| In re<br><br>THUVAN HA,<br><br>Debtor.<br>_____<br>JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, and its successors and/or assignees,<br><br>Movant,<br><br>vs.<br><br>THUVAN HA, Debtor, and HANK SPACONE, Trustee,<br><br>Respondents.<br>_____ | Bankruptcy Case No. 10-29403<br><br>Docket Control No. WGM-1<br><br>Chapter 7<br><br><br>HEARING DATE:<br>DATE: May 14, 2010<br>TIME: 9:00 a.m.<br>CTRM: 28 |

**JPMORGAN CHASE BANK'S MOTION FOR RELIEF FROM AUTOMATIC STAY ON REAL PROPERTY (11848 S CARSON WAY, GOLD RIVER, CA 95670); MEMORANDUM OF POINTS AND AUTHORITIES AND REQUEST FOR JUDICIAL NOTICE**

**TO THE HONORABLE MICHAEL S. MCMANUS, UNITED STATES BANKRUPTCY COURT JUDGE, THE DEBTOR, THE DEBTOR'S COUNSEL, THE TRUSTEE AND OTHER INTERESTED PARTIES:**

JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, and its successors and/or assignees ("JPMORGAN CHASE BANK"), hereby moves this Court for an order terminating the automatic stay of 11 U.S.C. §362 as to Movant in the above-entitled and numbered case so that Movant may commence and continue acts necessary to enforce its security interest in

MOTION FOR RELIEF
PS/WAMU/m62800

1

real property commonly known as 11848 S CARSON WAY, GOLD RIVER, CA 95670.

JPMORGAN CHASE BANK requests relief from stay in the above numbered Chapter 7 case because there is no equity in the Property to benefit the Debtor or the estate and Movant's interest is not protected by an adequate equity cushion. The Property is being surrendered as stated in the Statement of Intentions.

This Motion is based upon the attached Declaration and the Memorandum of Points and Authorities attached hereto, as well as upon the documents filed in support of the Motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### INTRODUCTORY STATEMENT

JPMORGAN CHASE BANK requests the Court to grant it relief from the automatic stay because there is no equity in the Property to benefit the Debtor or the estate and Movant's interest is not protected by an adequate equity cushion. The Property is being surrendered as stated in the Statement of Intentions.

### II.

### STATEMENT OF FACTS

1. **The Secured Debt.** On or about June 22, 2005, THUVAN HA made and delivered a Promissory Note in the original principal amount of $359,650.00, secured by a First Priority Deed of Trust on the Property commonly known as 11848 S CARSON WAY, GOLD RIVER, CA 95670 ("Property"). True and correct copies of the Note and Deed of Trust are attached as Exhibits "1" and "2," respectively. Affidavit of the FDIC is attached as Exhibit "6" to establish the relationship between Washington Mutual Bank, the original lender, and JPMORGAN CHASE BANK.

2. **The Default Under The Note.** The Note and Deed of Trust are contractually due for the February 1, 2010 payment. As a result of the default, JPMORGAN CHASE BANK desires to record a Notice of Default and Election To Sell against the Property. The total delinquency under the Note is set forth in detail on Exhibit "3" to the Motion.

///

MOTION FOR RELIEF　　　　　　　　　　2
PS/WAMU/m62800

3. **The Debtor's Interest In The Property.** The Debtor is the owner of record of the Property.

4. **The Filing Of The Instant Petition.** On or about April 12, 2010, THUVAN HA filed the instant Chapter 7 Petition as Case No. 10-29403.

5. **The Total Indebtedness Under The Note.** The total indebtedness owed to JPMORGAN CHASE BANK, exclusive of attorneys' fees, is as follows:

| | |
|---|---|
| Principal Balance: | $ 334,066.33 |
| Interest Accrued from January 1, 2010 to April 16, 2010 | $ 4,983.82 |
| Late Charges: | $ 195.82 |
| **TOTAL:** | **$ 339,245.97** |

6. **The Total Liens On The Property.** The Property is encumbered by the following liens:

| SECURED CREDITOR | LIEN AMOUNT |
|---|---|
| 1. JPMORGAN CHASE BANK (1st trust deed) | $ 339,245.97 |
| 2. IN TOUCH CREDIT UNION (2nd trust deed) | $ 40,000.00 |
| TOTAL | **$ 379,245.97** |

7. **The Value Of The Property.** By the Debtor's own admission, the Property has a fair market value of only $370,000.00. Accordingly, there is no equity in the Property to benefit the Debtor or the estate. True and correct copies of the Debtor's Schedules A and D are attached hereto as Exhibit "4."

## III.

## RELIEF FROM STAY SHOULD BE GRANTED UNDER SECTION 362(d)(2) BECAUSE THERE IS NO EQUITY IN THE PROPERTY, NOR REORGANIZATION IN EFFECT

The evidence demonstrates that there is no equity in the Property. By the Debtor's own admission, the Property has a fair market value of $370,000.00 while the total indebtedness on the Property is $379,245.97. Based on the foregoing and the liquidation nature of this Chapter 7

proceeding, the stay should be terminated immediately. JPMORGAN CHASE BANK has satisfied its burden under Section 362(d)(2).

## IV.
## RELIEF FROM STAY SHOULD BE GRANTED UNDER SECTION 362(d)(1) DUE TO THE LACK OF ADEQUATE PROTECTION FOR MOVANT.

The evidence demonstrates that JPMORGAN CHASE BANK is not protected by an adequate protection cushion. By the Debtor's own admission, the Property has a fair market value of $370,000.00 while the total amount owed to JPMORGAN CHASE BANK is $339,245.97. Leaving an equity cushion of $30,754.03 or 8.3%. Based on the foregoing, the stay should be terminated immediately. JPMORGAN CHASE BANK has satisfied its burden under Section 362(d)(1).

## V.
## RELIEF FROM STAY SHOULD BE GRANTED UNDER SECTION 362(d)(1) FOR CAUSE AS THE PROPERTY IS BEING SURRENDERED.

The Property is being surrendered as stated in the Statement of Intentions. Based on the foregoing, the stay should be terminated immediately. JPMORGAN CHASE BANK has satisfied its burden under Section 362(d)(1).

## VI.
## REQUEST FOR JUDICIAL NOTICE.

Pursuant to Rule 201 of the Federal Rules of Evidence, as made applicable herein by Rule 9017 of the Federal Rules of Bankruptcy Procedure, JPMORGAN CHASE BANK requests that the Court take judicial notice of the following facts:

1. The Debtor contends that the Property has a fair market value of $370,000.00. See Exhibit "4."

2. In addition to JPMORGAN CHASE BANK's lien, the Property is encumbered by a second deed of trust in the amount of $40,000.00. See Exhibit "4."

3. The Property is being surrendered as stated in the Statement of Intentions.

MOTION FOR RELIEF           4
PS/WAMU/m62800

1 See Exhibit 5."

## VI.
## CONCLUSION.

For the foregoing reasons, and based upon the evidence set forth in this Motion, this Court should grant the relief from the automatic stay to allow JPMORGAN CHASE BANK to enforce its rights and remedies under its Note and Deed of Trust including a waiver of the 14-day stay provided by Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure.

DATED: April 23, 2010                    Respectfully Submitted,

                                                MALCOLM ♦ CISNEROS, A Law Corporation

                                                By: /s/ William G. Malcolm
                                                      WILLIAM G. MALCOLM
                                                      Attorneys for Movant